# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL EDWARD ALLEN**                                                            **PLAINTIFF**
**ADC #176724**

**V.**                          **NO. 4:24-cv-00175-JM-ERE**

**ARKANSAS DIVISION OF CORRECTIONS**
**and WELLPATH**                                                                   **DEFENDANTS**

## ORDER

On February 26, 2024, *pro se* plaintiff Michael Edward Allen, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Allen's complaint alleges that, in September and October 2023, unidentified medical staff failed to provide him prescription medication. Mr. Allen sues the ADC and WellPath in their official capacity only seeking monetary relief. Because Mr. Allen is a three-striker and did not allege that he was in imminent danger of serious physical injury, the Court provided Mr. Allen 30 days to pay the statutory filing fee. *Doc. 2*. Mr. Allen has now paid the filing fee in full. *Doc. 5*.

As stated, Mr. Allen has failed to state a constitutional claim for relief against each Defendant. However, rather than recommend dismissal for failure to state plausible constitutional claim, the Court will delay the screening process[1] to give Mr.

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion

Allen an opportunity to file an amended complaint clarifying his constitutional claims and correcting the problems discussed below.

1.   **Problems With Original Complaint**

   A.   **Mr. Allen's Allegations**

   Mr. Allen's complaint alleges that: (1) when he arrived at the ADC on September 29, 2023, ADC medical staff immediately denied him prescription medication resulting in his hospitalization; (2) after Mr. Allen was transferred to the ADC's Randal Williams Unit, medical staff again failed to provide him the correct prescription medication resulting in another hospitalization; and (3) ADC medical staff continue to inadequately treat his high blood pressure.[2]

   B.   **ADC**

   The ADC is not an entity that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *Moore v. Plock*, 377 Fed. Appx. 563 (8th Cir. 2010) (unpub. per curiam) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

---

thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

   [2] Mr. Allen originally arrived at intake for the ADC in Malvern, Arkansas. *Doc. 1 at 4*. Malvern, Arkansas is located in the Western District of Arkansas. Accordingly, if Mr. Allen seeks to purse any claims related to the medical care that he received, or did not receive, in Malvern, he must pursue any such claims in a separate lawsuit in the Western District.

Accordingly, Mr. Allen cannot proceed on his claims against the ADC. Instead, he must identify individuals who allegedly violated his constitutional rights.

### C. WellPath

It is well settled that a corporation, such as WellPath, cannot be held liable for the wrongful conduct of its employees in a § 1983 action. *Burke v. North Dakota Dept. of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). A corporation can only be held liable if it had unconstitutional policies or practices that caused Mr. Allen's injuries. *Id.*; *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993). In his complaint, Mr. Allen fails to allege that WellPath had any unconstitutional policy, custom, or practice that violated his right to constitutionally adequate medical care and caused him harm. Accordingly, Mr. Allen has failed to state a constitutional claim for relief against WellPath.

### D. Sovereign Immunity – Official Capacity Claims

Mr. Allen sues Defendants in their official capacity only. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Allen's claims for money damages from any Defendant in his or her official capacity are barred by sovereign immunity.

To recover money damages from any Defendant, Mr. Allen's amended

complaint must make clear that he is suing each Defendant in his or her individual capacity.[3]

### E. Medical Deliberate Indifference

To state a plausible medical deliberate indifference claim against any named Defendant, Mr. Allen must allege facts that, if taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[4]

---

[3] Along with this Order, the Clerk is sending Mr. Allen a blank 42 U.S.C. § 1983 complaint form. Mr. Allen should use this form if he files an amended complaint. The form, on page five, specifically asks if defendants are being sued in their personal or official capacity, or both.

[4] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).
   Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; see *Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent

Mr. Allen's complaint contains no facts to show: (1) how any Defendant was aware of his need for specific prescription medication; or (2) how any Defendant denied his requests for specific prescription medication. As a result, Mr. Allen's proposed medical deliberate indifference claim, as stated in his current complaint, cannot survive screening.

### F. Personal Involvement

In his complaint, Mr. Allen fails to allege how any individual Defendant personally participated in any alleged unconstitutional conduct or had direct responsibility for any alleged constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). As stated, Mr. Allen has failed to state a plausible constitutional claim against any individual Defendant.

## 2. Guidelines for Filing Amended Complaint

Mr. Allen has thirty days to file an amended complaint. If Mr. Allen files an amended complaint, he should specifically: (1) identify and name as a Defendant each individual who allegedly violated his constitutional rights; (2) allege facts to show what each named Defendant did or failed to do that personally violated his

---

medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

constitutional rights; and (3) describe any injury he suffered as a result of each Defendant's alleged unconstitutional conduct.

Mr. Allen's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Allen should make sure that his amended complaint includes all allegations relevant to any claim he wants to pursue in this lawsuit. Mr. Allen should not rely upon, or incorporate by reference, any allegations made in the original complaint. In other words, Mr. Allen's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Allen need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

### 3. Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Allen may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Allen fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of this case.

3. The Clerk is instructed to provide Mr. Allen a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 13 March 2024.

_____
UNITED STATES MAGISTRATE JUDGE